JS-6

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.: <u>CV 15-07759 SJO (SHx)</u>   DATE: <u>November 6, 2015</u>

TITLE: <u>Lomeli v. HD Supply, Inc. et al.</u>

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**         **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                         Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER GRANTING PLAINTIFF'S AMENDED MOTION TO REMAND** [Docket No. 12]; **GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** [Docket No. 18]

This matter is before the Court on Plaintiff Randolph Lomeli's ("Plaintiff") Amended Motion for Remand ("Motion"), filed October 12, 2015. Defendant HD Supply, Inc. ("HD Supply") opposed the Motion ("Opposition") on October 19, 2015 and filed a Request for Judicial Notice ("Request") in support of its Opposition on November 5, 2015. Plaintiff did not file a reply. The Court found the matter suitable for disposition without oral argument and vacates the hearing set for November 9, 2015. *See* Fed. R. Civ. P. 78(b). For the following reasons, both Plaintiff's Motion and HD Supply's Request are **GRANTED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2015, Plaintiff filed a civil complaint ("Complaint") against HD Supply and Jim Schneider ("Schneider")[1] (collectively, "Defendants") in Los Angeles Superior Court in a case captioned *Randolph Lomeli v. HD Supply, Inc., et al.*, No. BC590214 (Cal. Super. Ct. Aug. 3, 2015). (*See* Decl. Sarina Saluja in Supp. Notice and Pet. for Removal of Action ("Saluja Decl."), Ex. A ("Complaint"), ECF No. 1.) In the Complaint, Plaintiff alleges Defendants discriminated against and wrongfully terminated him due to an alleged disability. (Compl. ¶ 2.)

Plaintiff alleges the following in the Complaint. Plaintiff resides in the state of California. (Compl. ¶ 1.) Schneider "was, and now is, an individual residing in the County of Los Angeles, State of

---

[1] Although Plaintiff names "Jim Snyder" as a defendant in the instant action, Plaintiff does not dispute Defendants' averment that the individual defendant's actual name is "Jim Schneider." (*Compare* Compl., *with* Opp'n.) Although it is immaterial for purposes of the instant Motion, the Court refers to the individual named defendant as "Schneider."

MINUTES FORM 11                                                         ___ : ___
CIVIL GEN                         Page 1 of 6                 Initials of Preparer _____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | |
|---|---|
| CASE NO.:   CV 15-07759 SJO (SHx) | DATE:  November 6, 2015 |

California, and was a Owner, Officer, Shareholder, Director, Manager, Supervisor, Lead, Managing Agent and employee of Defendants . . ." (Compl. ¶ 3.)

For approximately two-and-a-half years, Plaintiff was employed as a driver by HD Supply. (Compl. ¶ 6.) In April or May of 2012, Plaintiff developed physical disabilities including foot injuries, tendon injuries, and associated conditions. (Compl. ¶ 7.) Plaintiff kept Defendants informed of his disability at all relevant times, and made a Worker's Compensation claim. (Compl. ¶¶ 8-9.) Plaintiff "was entitled to and/or requested and/or was granted, full and/or intermittent CFRA and/or other medical and/or other negotiated leave in order to recuperate and heal, from September 2013 onwards." (Compl. ¶ 10.) In or around December 2013, Plaintiff underwent foot surgery. (Compl. ¶ 11.) Plaintif freturned to work on April 7, 2014. (Compl. ¶ 12.)

Upon returning to work, "each of" the Defendants harassed, discriminated against, and retaliated against Plaintiff by, among other things, cutting Plaintiff's work hours and routes and assigning Plaintiff, who is short, the largest trucks. (Compl. ¶ 13.) In particular, Schneider "slapped papers out of Plaintiff's hands, knocked his boxes over and called him 'shorty' on a daily basis." (Compl. ¶ 13.) Plaintiff complained about and protested these actions to superiors, to no avail. (Compl. ¶ 14.) On or about August 15, 2014, one of Plaintiff's supervisors informed Plaintiff that he was terminated because he had missed a lunch break the prior week, even though Plaintiff explained that he had been scheduled to start at a different hour, which had shifted the lunch break period. (Compl. ¶ 15.)

Plaintiff asserts the following causes of action against Defendants: (1) violation of California Government Code section 12940 *et seq* due to unlawful employment practices; (2) violation of California Government Code section 12945.2 (the "California Family Rights Act" or "CFRA") by failing to give Plaintiff an opportunity to return to work and refusing to allow Plaintiff to retain Plaintiff's employee status; and (3) retaliation and wrongful termination in violation of California Government Code section 12940 *et seq.*, California Labor Code section 132a, and California Civil Code section 3333. (*See generally* Compl.)

The state court action was removed to this Court on October 2, 2015. (Notice and Pet. for Removal of Action ("Notice"), ECF No. 1.)

II.     DISCUSSION

In the Motion, Plaintiff offers four reasons why the instant action should be remanded to state court. First, because Schneider was served with the Complaint but did not join HD Supply in the Notice of Removal, the case must be remanded pursuant to 28 U.S.C. section 1446(b)(2)(A). (Mot. 2, ECF No. 12.) Second, Schneider was not fraudulently joined because management personnel can be held liable under California Government Code section 12940 for harassment of an employee. (Mot. 2-5.) Third, California Labor Code section 132A and 28 U.S.C. section 1445(c) operate together to preclude actions such as the instant action from being removed to any

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Priority  _____
Send      _____
Enter     _____
Closed    _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 15-07759 SJO (SHx)     **DATE:** November 6, 2015

district court of the United States. (Mot. 6-11.) Finally, Defendants cannot prove that the amount in controversy exceeds $75,000, defeating diversity jurisdiction. (Mot. 11-12.) Plaintiff also contends that Defendants cannot supplement their removal with additional evidence, and that should Plaintiff succeed in its Motion, the Court should award it attorneys' fees and costs incurred in composing the Motion. (Mot. 12-13.)

In its Opposition, HD Supply first responds that Plaintiff cannot state a claim against Schneider, making him a sham defendant. (Opp'n 4-10.) Second, fraudulently joined defendants need not join in a removal, and there is nevertheless no evidence that Schneider was properly served. (Opp'n 10.) Third, the majority of cases deny remand on the grounds a *Tameny* claim is a separate tort remedy from the worker's compensation scheme, and the cases cited by Plaintiff are distinguishable. (Opp'n 10-14.) Fourth, HD Supply has shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. (Opp'n 15-16.) Fifth, attorneys' fees should not be awarded because HD Supply's removal was not objectively unreasonable. (Opp'n 16.)

    A.    <u>Legal Standard</u>

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Courts sitting in the Ninth Circuit "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). "Federal Jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bacharach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990)).

A district court has removal jurisdiction pursuant to 28 U.S.C. section 1332 "where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "Jurisdictional facts are assessed on the basis of Plaintiff's complaint at the time of removal." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1032 (N.D. Cal. 2002) (citing 28 U.S.C. § 1441). "[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant "bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). General allegations that the amount in controversy exceeds $75,000 does not satisfy this burden. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

    B.    <u>Analysis</u>

JS-6                  **UNITED STATES DISTRICT COURT**       Priority \_\_\_\_\_
                       **CENTRAL DISTRICT OF CALIFORNIA**        Send \_\_\_\_\_
                                                                         Enter \_\_\_\_\_
                                                                        Closed \_\_\_\_\_
                               **CIVIL MINUTES - GENERAL**           JS-5/JS-6 \_\_\_\_\_
                                                                        Scan Only \_\_\_\_\_

**CASE NO.:**    <u>CV 15-07759 SJO (SHx)</u>          **DATE:**   <u>November 6, 2015</u>

      1.       <u>Whether the Amount in Controversy Exceeds $75,000</u>

Although the parties spend significantly less time discussing whether the amount-in-controversy requirement is satisfied than whether Schneider is fraudulently joined, the Court finds this issue to be dispositive.[2] In the Complaint, Plaintiff seeks "general damages"—including non-economic damages for emotional distress based on alleged humiliation, mental anguish, and loss of enjoyment of life—"medical expenses and related items of expense," "loss of earnings," "loss of earning capacity," and "reasonable attorneys' fees and costs." (Compl. at 15.) Plaintiff does not request a particular dollar amount. (*See generally* Compl.) In the Notice of Removal, Defendant states that "based on [Plaintiff's] claim for damages, and collective prayer for wage and benefits loss, medical expenses, non-economic damages for alleged emotional distress and other trauma, punitive damages, and attorneys' fees and costs, the amount in controversy more likely than not exceeds the $75,000 jurisdictional minimum." (Notice ¶ 21.) As a case cited by HD Supply in its own Opposition states, however, "'[i]nformation and belief' hardly constitutes proof 'by a preponderance of the evidence.'" *Valdez*, 372 F.3d at 1117; *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Conclusory allegations as to the amount in controversy are insufficient."); *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (per curiam) (holding that a conclusory allegation "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds" the applicable dollar value). Accordingly, HD Supply has failed to meet its burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

HD Supply appears to have foreseen the possibility that the Court would find that HD Supply failed to meet its burden of establishing the amount in controversy exceeds $75,000, as it asked the Court, in the alternative, to permit it to conduct jurisdictional discovery prior to remanding the action. (Opp'n 15.) In support of this argument, HD Supply points to *Abrego Abrego v. The Dow Chemical Co.*, which HD Supply argues stands for the proposition that "[c]ourts have the discretion to order jurisdictional discovery on th[e] issue [of the amount in controversy] prior to issuing a remand." (Opp'n 15.) Although *Abrego Abrego* does contain a quote stating that "some courts

---

     [2] Because the Court finds that HD Supply has failed to satisfy of burden of proving the amount in controversy exceeds $75,000, the Court need not determine whether Schneider is fraudulently joined or whether Schneider was required to join in the removal. Nevertheless, the Court notes that to the extent HD Supply argues that Plaintiff's Complaint, as it currently reads, cannot state a claim against Schneider, "where Plaintiff[] may amend that claim to cure any arguable defects, it may not be said that it is impossible for them to state a claim against [a non-diverse defendant]." *Munoz v. Lab. Corp. of America*, No. 15-cv-902 GW, 2015 WL 4507104, at *1 (C.D. Cal. July 23, 2015).

Case 2:15-cv-07759-SJO-JEM Document 19 Filed 11/06/15 Page 5 of 6 Page ID #:240

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

CASE NO.:  CV 15-07759 SJO (SHx)                DATE:  November 6, 2015

have suggested that it may be appropriate to allow discovery relevant to jurisdictional amount prior to remanding," it also notes "the importance of 'guard[ing] against premature and protective removals and minimiz[ing] the potential for a cottage industry of removal litigation."  *Abrego Abrego*, 443 F.3d 676, 691 (9th Cir. 2006) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005)).  As is discussed in more detail below, there is significant uncertainty as to whether removal of the instant action is precluded by 28 U.S.C. section 1445(c).  The possibility that the Complaint cannot be removed weights against affording Defendant an opportunity to conduct discovery in federal court prior to remanding the action.

      2.      <u>Whether 28 U.S.C. Section 1445(c) Precludes Removal</u>

28 U.S.C. section 1445(c) ("Section 1445(c)") provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  The final question before the Court is whether any of Plaintiff's claims "arise under" California's workers' compensation laws, which would render removal improper.

Although Congress did not define what "arising under" means in the Section 1445(c) context, "all courts to have addressed the issue agree that 'arising under' in [Section] 1445(c) means the same thing as it does in 28 U.S.C. § 1331—the statute explicating federal-question jurisdiction." *Ramirez v. Sala Inc.*, No. 14-cv-4590 ODW, 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014) (citing *Hamblin v. Coinstar, Inc.*, No. 07-cv-1258 WBS, 2007 WL 4181822, at *1 (E.D. Cal. Nov. 21, 2007).  The Ninth Circuit has stated that "arising under" in the Section 1331 context means that "it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim."  *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142-43 (9th Cir. 2000).  "Importing that definition to [Section] 1445(c), a civil action 'arises under' a state's workers'-compensation law when the worker's-compensation law creates the plaintiff's cause of action or is a necessary element of the claim."  *Ramirez*, 2014 WL 3928416, at *2.

Plaintiff's third cause of action for retaliation and wrongful termination is based in part on California Labor Code section 132a ("Section 132a").  (Compl. ¶¶ 46-57.)  Section 132a provides that "[i]t is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment."  Cal. Labor Code § 132a.

Courts in the Ninth Circuit have reached opposite results as to whether Section 132a "arises under" California's workers' compensation laws.  *Compare Ramirez*, 2014 WL 3928416, at *3 (holding that a *Tameny* claim grounded in Section 132a does not arise under California's workers' compensation laws because California's workers' compensation law does not "create the cause of action," nor is it a "necessary element of a *Tameny* claim grounded in Section 132a"), *with Hamblin*, 2007 WL 4181822, at *3 (concluding that because "Congress enacted [Section] 1445(c)

| | | |
|---|---|---|
| JS-6 | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br><br>CIVIL MINUTES - GENERAL | Priority ____<br>Send ____<br>Enter ____<br>Closed ____<br>JS-5/JS-6 ____<br>Scan Only ____ |

CASE NO.:  CV 15-07759 SJO (SHx)          DATE:  November 6, 2015

to preserve a plaintiff's choice of forum, to protect states' interest in administering their own workers' compensation schemes, and to reduce the workload that workers' compensation cases cause in federal courts . . . all claims in a case that primarily relies on a workers' compensation right should be heard together, in state court").  The Court finds the reasoning underlying both lines of cases to be persuasive, and therefore declines to rule on whether Section 1445(c) precludes the removability of the instant action.  Nevertheless, given "[t]he issue of whether a defendant may properly remove a wrongful-discharge-in-violation-of-public-policy claim to federal court notwithstanding [Section] 1445(c) is a highly unsettled issue which has resulted in a circuit split for well over two decades," the Court finds that this compounding factor weighs in favor of not permitting HD Supply to seek discovery on the issue of whether the amount in controversy exceeds $75,000 prior to remanding the action. *Ramirez*, 2014 WL 3928416 at *2.  Although the Court **GRANTS** HD Supply's Request and takes judicial notice pursuant to Federal Rules of Evidence 201(b) of (1) the Order Approving Compromise and Release and Award and Joint Order Approving C&R by the Worker's Compensation Appeals Board; and (2) the Notice of Denial of Claim for Worker's Compensation Benefits, the existence of these documents does not clearly indicate that Plaintiff's *Tameny* claim does not "arise under" the workers' compensation laws, but instead adds to the complexity of the issue and gives the Court additional pause as to whether the Court has subject-matter jurisdiction over the instant action.

III.     RULING

For the foregoing reasons, Plaintiff's Amended Motion to Remand is **GRANTED**.  Defendant HD Supply's Request for Judicial Notice is **GRANTED**.  This matter is hereby **REMANDED** to the Superior Court of the State of California in and for the County of Los Angeles.

IT IS SO ORDERED.